UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

| | | |
|---|---|---|
| In re | : | Case No.  18 - 12956 |
| Raymond E. (Jr.) & Anne M. Fisher | : | (Chapter 13) |
| Debtors. | : | |
| | : | Hon. Ashely M. Chan |
| | : | |

# Chapter 13  Plan

[x]   Original

[ ]    Amended

Date:   May 8, 2018

## THE DEBTORS HAVE FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE

## YOUR RIGHTS WILL BE AFFECTED

You should have received from the Court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtors. This document is the actual Plan proposed by the Debtors to adjust debts.  You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5.  **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.**

**Part 1: Bankruptcy Rule 3015.1 Disclosures**
  [x]   Plan contains non-standard or additional provisions - see Part 9
  [ ]    Plan limits the amount of secured claim(s) based on value of collateral
  [ ]    Plan avoids a security interest or lien

**Part 2: Payment and Length of Plan**
  **§ 2(a)(1)   Initial Plan**:
       **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $15,400.00.
       Debtors shall pay the Trustee $100.00 per month for sixty (60) months.
  [ ]    Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)**  Debtors shall make Plan payments to the Trustee from the following sources in addition to future wages:
Any recovery by Debtors in their litigation, pending in Delaware County Court of Common Pleas, captioned as A.M.F. vs. R.A. & A. Heyen, Docket No. 2016-002261, in excess of applicable exemptions, shall be paid, for the benefit of her unsecured creditors, in accordance with Part Three (3), Four (4), and Five (5).

**§ 2(c)**  Use of real property to satisfy plan obligations:
[ ]   Sale of real property
      See § 7(c) below for detailed description
[x]   Loan modification with respect to mortgage encumbering property:
      See § 7(d) below for detailed description

**§ 2(d)**  Other information that my be important relating to the payment and length of Plan:

## Part 3: Priority Claims (Including Administrative Expenses & Debtors's Counsel Fees)

**§ 3(a)  Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Ronald G. McNeil | Debtors' Counsel Fees - 507(a)(2) | $2,510.00 |
| Aston | Certain Taxes - 507(a)(8) | $400.00 |

**§ 3(b)  Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**
[ ]   **None**.  If "None" is checked, the rest of § 3(b) need not be completed.
[ ]   The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
|  |  |

**Part 4: Secured Claims**

### § 4(a)  Curing Default and Maintaining Payments

[ ]  **None**.  If "None" is checked, the rest of § 4(a) need not be completed.
The Trustee shall distribute an amount sufficient to pay allowed claims for pre-petition arrearage; and, Debtors shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if Real Property | Regular Monthly Payment to be paid directly to creditor by Debtors | Estimated Arrearage | Interest Rate on Arrearage, if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| Bayview | 214 Valley (1st) | $1,505.04 | $8,909.00 | 4.2% | $8,909.00 |
| Bayview | 214 Valley (2nd) | $89.46 | $0.00 | 4.999% | $0.00 |

### § 4(b)  Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

**[ ]**  **None**.  If "None" is checked, the rest of § 4(b) need not be completed.
(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.
(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.
(3) Any amounts determined to be allowed unsecured claims will be treated either**:** (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.
(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.
(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if Real Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be Paid |
|---|---|---|---|---|---|
| Chase | '15 Mazda CX-5 | $12,891.00 | 7.2% | $12,891.00 | $0.00 |

**§ 4(c) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

[ ]  **None**. If "None" is checked, the rest of § 4(c) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtors(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
|  |  |  | % |  |
|  |  |  | % |  |

**§ 4(d) Surrender**

[ ]  **None**. If "None" is checked, the rest of § 4(d) need not be completed.

(1) Debtors elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. § 362(a) with respect to the secured property terminates upon confirmation of the Plan.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
|  |  |

### Part 5: Unsecured Claims

**§ 5(a)  Specifically Classified Allowed Unsecured Non-Priority Claims**

[x]  **None**. If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be paid |
|---|---|---|---|---|
|  |  |  | $ | $ |

**§ 5(b) All Other Timely Filed, Allowed General Unsecured Claims**
(1) Liquidation Test (check one box)
[ ] All Debtors property is claimed as exempt.
[ ] Debtors have non-exempt property valued at $2,000.00 for purposes of § 1325(a)(4).

(2) Funding: § 5(b) claims to be paid as follows (check one box):
[x] Pro rata
[ ] 100%
[ ] Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases
[x] **None**.  If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtors, pursuant to § 365(b) |
|---|---|---|
| | | |

## Part 7: Other Provisions
### § 7(a) General Principles Applicable to The Plan
(1) Vesting of Property of the Estate (check one box)
[x] Upon confirmation
[ ] Upon discharge
(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.
(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtors directly.  All other disbursements to creditors shall be made by the Trustee.
(4) If Debtors is successful in obtaining a recovery in a personal injury or other litigation in which Debtors is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtors and the Trustee and approved by the Court.

### § 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtors's Principal Residence
(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.
(2) Apply the post-petition monthly mortgage payments made by the Debtors to the post-petition mortgage obligations as provided for by the terms of the underlying

        mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtors's property sent regular statements to the Debtors pre-petition, and the Debtors provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtors's property provided the Debtors with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtors after this case has been filed.

(6) **Debtors waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

### § 7(c) Sale of Real Property

[ ] **None**. If "None" is checked, the rest of § 7(c) need not be completed.

    (1) After the Confirmation of this Plan, Debtors may seek court approval of the sale of their residential real property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f).

    (2) Debtors shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

### § 7(d) Loan Modification

[ ] **None**. If "None" is checked, the rest of § 7(d) need not be completed.

(1) Debtors shall pursue a loan modification directly with Bayview Loan Servicing, LLC or its successor in interest or its current servicer ("Bayview"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtors shall make adequate protection payments directly to Bayview in the amount of $1,505.04 per month, which represents regular monthly mortgage payments. Debtors shall remit the adequate protection payments directly to the Bayview.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1:**    Trustee Commissions *
**Level 2:**    Domestic Support Obligations
**Level 3:**    Adequate Protection Payments
**Level 4:**    Debtors's attorney's fees
**Level 5:**    Priority claims, pro rata

Level 6:     Secured claims, pro rata
Level 7:     Specially classified unsecured claims
Level 8:     General unsecured claims
Level 9:     Untimely filed, allowed general unsecured claims

\* Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.

## Part 9: Non Standard or Additional Plan Provisions

[ ]     **None.** If "None" is checked, the rest of § 9 need not be completed.
[x]     Add Non-standard provisions

Debtors will continue direct post petition payments to Bayview for their first and second mortgages, which includes homeowners' insurance and real estate taxes. Upon completion of the payment of these mortgage arrears, Debtors will be reinstated on the original payment schedule for the mortgage as if no default had ever occurred. Consistent with Paragraph 7(d), Debtors are attempting to modify their mortgage payments, which includes homeowners' insurance and real estate taxes, cures pre-petition arrears, and abates post-petition arrears. Therefore and if successful, Debtors shall file the appropriate motion for appropriate loss mitigation options completed for reinstatement under these modified payment schedules. Debtors will satisfy the claim for their automobile financing, Chase Automotive Finance, during the life of this Plan. Consistent with Paragraph 7(c), Debtors may attempt to sell their residence.

## Part 10: Signatures

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID, **except** Part 7: Paragraphs 7(c) and 7(d). By signing below, attorney for Debtors certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

_____          _____
Raymond E. Fisher, Jr., Debtor                   Anne M. Fisher, Debtor
DATE: 5-8-18                                              DATE: 5-8-18

Respectfully submitted,

_____
Ronald G. McNeil, Esquire
Attorney for Debtors
DATE: May 8, 2018
1333 Race Street
Philadelphia, PA 19107-1585
(215) 564 - 3999 (t)
(215) 564 - 3537 (fx)
r.mcneil1@verizon.net